

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-20-2006

# USA v. De Los Santos

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1168

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. De Los Santos" (2006). *2006 Decisions.* Paper 1737.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1737

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-1168

UNITED STATES OF AMERICA

v.

AUGUSTIN VERAS DE LOS SANTOS,

Appellant

Appeal from the District Court of the Virgin Islands,
Division of St. Thomas and St. John
(D.C. Criminal No. 03-cr-00040-2)
District Judge: Hon. Stanley S. Brotman

Argued: December 5, 2005

Before: SCIRICA, Chief Judge, McKEE, and NYGAARD, Circuit Judges

(Opinion filed: January 20, 2006)

George H. Hodge, Jr. (Argued)
P.O. Box 803
Charlotte Amalie, St. Thomas
USVI, 00804
Attorney for Appellant

Kim L. Chisholm (Argued)
Assistant United States Attorney
Ron De Lugo Federal Building &
U.S. Courthouse
5500 Veterans Drive, Suite 260
Charlotte Amalie, St. Thomas
USVI 00802-6424
Attorney for Appellee

McKEE, <u>Circuit Judge</u>.

Augustin Veras de los Santos ("Augustin") raises three challenges to his criminal conviction, and we consider each separately. For the reasons stated below, we will affirm.

## I. SUFFICIENCY OF EVIDENCE

Because we write primarily for the parties, it is not necessary to reiterate the facts or background of this case except insofar as may be helpful to our brief discussion. In resolving Augustin's claim that evidence was insufficient to support his conviction, we review the evidence "in the light most favorable to the government, and . . . sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (citations and internal quotations omitted). The claim carries "a very heavy burden." *See United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990). Having reviewed the evidence admitted at trial, we conclude that Augustin has failed to satisfy that burden.[1]

In denying Augustin's motion for a new trial under Fed. R. Crim. P. 29, the District Court carefully and thoroughly reviewed the evidence and concluded it was

---

[1]Augustin's argument that he cannot be convicted of aiding and abetting wire fraud because he was not charged under an aiding and abetting statute also fails. *See United States v. Forsythe*, 560 F.2d 1127, 1136 n.15 (3d Cir. 1977) (every indictment "must be read as if 18 U.S.C. §2 were embodied in each count/" The indictment "need not specifically charge aiding and abetting in order to support a conviction for aiding and abetting.").

sufficient to uphold the conviction.[2]  The standard for granting a Rule 29 motion is identical to the standard we must apply in resolving his insufficiency claim.  Accordingly, the trial court had to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *See United States v. Smith*, 294 F.3d 473, 476 (3d Cir 2002).   After reviewing the record in the light most favorable to the government, the District Court concluded that it was sufficient to allow a jury to find Augustin guilty beyond a reasonable doubt on each of the charges.  We will affirm that ruling substantially for the reasons explained by the District Court in its denial of the Rule 29 motion.

## II.  DENIAL OF SEVERANCE

Augustin argues that the District Court should have severed either the co-defendants or the conspiracy and aiding and abetting charges, because his redacted statement denied him a fair trial. Augustin's statement was redacted as follows:

| Original Statement | Statement Admitted Into Evidence |
|---|---|
| Q: *Is that address[1] under your name?* <br> A: Under my sister, Ignacia Veras de los Santos**.** | DELETED |
| Q: *Do you know if there are any passports in your apartment, which do not belong to anyone residing in the apartment?* <br> A: Yes. | SAME |
| Q: *To whom do these passports belong?* | |

---

[2]*See* Opinion on Defendants' Motion for Acquittal Under Fed. R. Crim. P. 29, Supplemental Appendix 1- 25.

| | |
|---|---|
| A: They belong to the people who left them with my sister Ignacia. | DELETED |
| Q: *To whom did you give the money that Fernando gave you?*<br>A: To my sister Hignacia (sic).<br>Q: *When did your sister Ignacia come for the money?*<br>A: The following day. | Q: *What did you do with that money?*<br>A: The next day, I passed it as instructed. |
| Q: *What did Fernando tell you* [when he brought money for a second time]?<br>A: He told me "I am bringing this money so that you can give it to Raquel." | Q:*What did Fernando tell you* [when he brought money for a second time]?<br>A: He asked me to give the money as before. |

We review a denial of a motion for severance for abuse of discretion. *United States v. Hart*, 273 F.3d 363 (3d Cir. 2001). However, even if the court abused its discretion, Augustin is not entitled to relief unless he can establish that he was prejudiced by the improper joinder. *United States v. DeLarosa*, 450 F.2d 1057, 1065 (3d Cir. 1971). Moreover, in reviewing the District Court's decision, we must remember the "preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

Augustin argues that the redacted statement replaced specific answers with general answers that appeared evasive and created the impression that he was attempting to hide the identity and actions of co-conspirators. However, even if we assume that this is true, he can not establish prejudice because the totality of the evidence (as summarized by the District Court), strongly establishes his guilt, even absent the redacted statement.

Augustin also argues that the removal of references to "Ignacia" eviscerated his

4

defense. In defending against the charges, Augustin argued that Ignacia owned Apartment B16 and therefore could not refuse any items brought there. This defense was seriously undermined by Jose Hilario ("Jose"), a government witness who testified that Augustin proposed Ignacia as someone who could obtain fraudulent travel documents. S.A. 34, 49. Jose also testified that Augustin arranged the first meeting between Jose and Ignacia; that it was Augustin who first brought him to B16; and that Augustin provided assurances about the quality of the travel documents. S.A. 35, 67. As the District Court pointed out, "[n]o matter what form the confession of Augustin took, it was bound to be prejudicial." J.A. 30. Augustin admits, in both versions of the statement, that he accepted money in exchange for passports that he knew were being altered for travel. Thus, even if we assume the District Court abused its discretion, Augustin is not entitled to relief because he cannot establish the required prejudice.

### III. JURY INSTRUCTIONS

Augustin first challenges the "deliberate ignorance" instruction. He claims the instruction "was specifically geared towards a finding of guilt against Augustin and no one else." Appellant's Br. at 17. The court charged the jury as follows:

> The government may prove that the defendants acted knowingly by proving, beyond a reasonable doubt, that the defendants deliberately closed their eyes to what would otherwise have been obvious to them. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of an intent of defendants to avoid knowledge or enlightenment would permit the jury to find knowledge.
> Stated in another way, a person's knowledge of a

> particular fact may be shown from a deliberate or intentional blindness to the existence of that fact.  It is, of course, entirely up to you regarding whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from such evidence.
>
> You may not conclude that defendants had knowledge, however, from proof of a mistake, negligence, or a belief in an inaccurate proposition.

J.A. 189.

Augustin argues the instruction "neutralized the Court's earlier instruction regarding membership in the agreement . . ."  Appellant's Br. At 17.  He claims the instruction allowed him to be convicted based upon his "mere presence."  However, he does not claim that the instruction misstates the law of deliberate indifference, nor does he claim that the instruction is not supported by the evidence that was introduced at trial.  Given this record, it is clear that the District Court did not abuse its discretion in giving the charge, and it is also clear that the charge that was given accurately states the legal principles the jury had to apply to the evidence that was introduced. Accordingly, we reject Augustin's challenge to the deliberate indifference instruction.  *United States v. Wert-Ruiz*, 228 F.3d 250, 255 (3d Cir. 2000).

We also reject Augustin's claim that the District Court erred in giving a "common defense" instruction. The court charged common defense as follows:

> Counsel for the defendants have sat together here at the trial and have [collaborated] in the defense of this case.  They are entitled to sit together and cooperate and join in a common defense, since their clients are charged with crimes in which they are each alleged to have participated.  This joint or

6

common defense does not constitute evidence that the defendants were previously associated in a conspiracy or other crime, and you are to draw no inference from their joint efforts undertaken as a matter of right in their defense of this case.

J.A. 190. Augustin claims that this instruction "suggests to the jury a unity of purpose among defendants sharing a common goal." Appellant's Br. At 17. The claim is meritless.

The charge is intended to ensure that jurors do not conclude anything nefarious about jointly tried defendants because they sit together, interact and appear to cooperate during their joint trial. Augustin does not argue that the charge incorrectly states the applicable legal principle; it doesn't. Moreover, given the joint trial and the nature of the evidence, we would have been concerned if the court had refused to give this charge. We need not say any more to dispose of Augustin's frivolous attempt to obtain relief based upon that charge.

## V. Conclusion

For the reasons stated above, the judgement of the District Court is affirmed.